UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CRAIG TODD (D-1),

    Defendant.
    _____/

Case No. 13-20606

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANTS' EMERGENCY MOTION FOR TEMPORARY RELEASE FROM CUSTODY / INTERRUPTION OF SENTENCE [60]**

This matter is presently before the Court on Defendant Craig Todd's Emergency Motion for Temporary Release from Custody / Interruption of Sentence, filed on September 15, 2017.[1] (Dkt. # 60). Defendant pled guilty to one count of conspiracy to possess with intent to distribute a controlled substance, and the Court sentenced Defendant to be imprisoned for a total term of 120 months, followed by supervised release for a term of 60 months. The Court entered a Judgment on November 19, 2015. (Dkt. # 54). Defendant is currently serving his term of imprisonment at the Federal Correction Institution in Ashland, Kentucky.

Through the instant motion, Defendant seeks to be released for a period of fourteen (14) days so that he may attend his mother's funeral services and assist with resolving his mother's affairs. Defendant does not specify the date of the services or funeral, but he

---

[1]Defendant previously filed an identical Emergency Motion for Temporary Release from Custody / Interruption of Sentence on September 14, 2017, but this document is not signed. (Dkt. # 58).

notes that his mother passed away on September 11, 2017. Defendant states that he has served sixteen months of his sentence without receiving any violations, and that he is at the lowest security level at the facility where he is held. Defendant notes that he has at all times accepted responsibility for his poor decision-making and has remained remorseful. Defendant further notes that he was an integral part of his mother's healthcare and treatment planning, as well as the main source of support for his mother, and that only one of his siblings is available to assist with all matters associated with the passing of their mother. Defendant asserts that this Court has jurisdiction to grant him temporary release pursuant to 28 U.S.C. § 1651(a), the All Writs Act.

The Government filed a Response opposing Defendant's motion on September 15, 2017. (Dkt. # 61). The Government argues that, while Defendant's recent loss of his mother is sorrowful, the Court lacks jurisdiction to grant his request. More specifically, the Government argues that the All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute; and that 18 U.S.C. § 3622 grants the Federal Bureau of Prisons ("BOP") exclusive authority to release a prisoner for a limited time period.

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.A. § 1651(a). The Supreme Court has instructed as follows.

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

*Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985).

The authority to release a prisoner for a limited period, for reasons such as attending the funeral of a relative, is specifically addressed by 18 U.S.C. § 3622, which grants that exclusive authority to the BOP. *See United States v. Premachandra*, 78 F.3d 589 (8th Cir. 1996) (per curiam). The statute provides as follows.

> The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to--
>
> (a) visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of–
>
> . . .
>
> (2) attending a funeral of a relative;
>
> . . .

18 U.S.C.A. § 3622. The Court notes that the BOP has established procedures for prisoners to apply for a furlough or temporary release. See 28 C.F.R. § 570.37.

The Court concludes that it lacks jurisdiction to grant Defendant's request for a temporary release. Defendant has been sentenced and is in the custody of the BOP. Pursuant to 18 U.S.C. § 3622, it is the BOP that has the exclusive authority to release him for a limited time period. The Court DENIES Defendant's emergency motion [60]. It is further ordered that Defendant's previous emergency motion [58] is MOOT.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 18, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 18, 2017, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager